UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DELORES WOODEN, et al. ] | |
| Plaintiffs, ] | |
| v. ] | No. 3-07-00253 |
| ] | JUDGE HAYNES |
| J.C. PENNY COMPANY, INC. ] | |
| Defendant. ] | |

M E M O R A N D U M

Plaintiffs, Delores Wooden and Jim Printz, originally filed this action in Davidson, County, Tennessee Circuit Court against the Defendant, J.C. Penny Company, Inc., for negligence in allowing a dangerous or defective condition to exist on the premises. The Defendant removed the action to this Court. Plaintiffs' claim is that while a customer on the Defendant's premises Wooden was injured when a metal pole used to display advertisements and merchandise fell and struck her, causing injury to her.

Before the Court are the Defendant's motion for summary judgment (Docket Entry No. 17) and Plaintiffs' motion to exclude Defendant's Responses to Plaintiffs' Statements of Undisputed Facts (Docket Entry No. 24). In sum, the Defendant contends that the Plaintiffs did not see the alleged accident transpire and lacking such knowledge, cannot prove that the alleged dangerous condition caused her injury.

In their response (Docket Entry No. 22), Plaintiffs contend that material factual disputes exist as to whether the Defendant's negligence caused Wooden's injuries. Plaintiffs also contend that Defendant's responses to their Additional Statements of Undisputed Facts should be excluded for untimeliness pursuant to Local Rule 56.01(d), (g).

For the reasons set forth below, the Court concludes that genuine issues of material fact exist and the Defendant's motion for summary judgment should be denied. As to the Plaintiffs' motion to exclude, while the Defendant's responses were untimely,[1] the Defendant basically admits to the relevant facts relied upon for purposes of deciding the Defendant's motion for summary judgment. Moreover, the filings submitted by the parties establish issues of material fact regardless of the disposition of Plaintiffs' motion. Accordingly, the Court concludes that the Plaintiffs' motion to exclude the Defendant's Responses to Plaintiffs' Additional Statements of Undisputed Facts should be denied as moot.

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). Upon the filing of a motion for summary judgment,

---

[1]Plaintiffs filed their Statements of Undisputed Facts on November 13, 2008, and the Defendant filed its response on January 23, 2009.

2

the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

On February 26, 2006, Wooden and her husband, Jim Printz, were standing in the cashier's line in the Defendant's store when a pole used for displaying advertisements and merchandise allegedly fell, striking Wooden. (Docket Entry No. 21, Notice of Filing, attachment No. 3, Plaintiffs' Response to Statement of Undisputed Facts at ¶¶ 1-3). According to Wooden, she woke up on the floor and found a pole lying beside her. (Docket Entry No. 22, Exhibit No. 9, Wooden affidavit at ¶ 5). Wooden and Printz attest that there was nothing in the vicinity that was disturbed or out of place that indicated that something else struck Wooden. <u>Id</u>. at ¶¶ 8-9; Printz affidavit at ¶¶ 8-9.

Ray Fadool, the Defendant's store manager, testified in his deposition that the Defendant regularly uses aluminum poles for displaying advertisements and merchandise. (Docket Entry No. 23, Defendant's Response to Statement of Undisputed Facts at ¶ 6). The poles were not attached permanently to the ceiling but were attached by tension levers and/or suction cups. <u>Id</u>. at ¶ 7. The poles were installed by employees of the Defendant, but while there was no formal routine for checking poles, the poles would be shaken

3

and checked as part of the regular normal maintenance and safety inspection of the store. Id. at ¶ 9; (Docket Entry No. 22, Fadool deposition at p. 22; Egli deposition at pp. 13-14). According to the Defendant, the pole was securely in place but fell when it was either struck or leaned upon. (Docket Entry No. 22, Exhibit No. 5, Answer to Interrogatories at ¶ 7). Employee James Pirtle witnessed the incident and Amanda Egli, the Defendant's Visual Director, re-secured the pole. Id. at ¶¶ 14, 16.

The Defendant contends that because neither Plaintiff actually saw how the metal pole struck Wooden, without such knowledge Plaintiffs cannot establish that a dangerous condition was the cause in fact of the Plaintiffs' damages. The Plaintiffs contend that Wooden's injury was created by the Defendant, and the pole was installed and under the control of the Defendant.

"Merchants owe customers a duty 'to exercise reasonable care to keep the premises in a reasonably safe and suitable condition, including the duty of removing or warning against a dangerous condition traceable to persons for whom the proprietor is not responsible . . . if the circumstances of time and place are such that by the exercise of reasonable care the proprietor should have become aware of such conditions.'" Hardesty v. Service Merchandise Co., Inc., 953 S.W.2d 678, 681 (Tenn. Ct. App. 1997) (citations omitted). To be sure, "business proprietors are not insurers of their patrons' safety. However, they are required to use due care

4

under all the circumstances." Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004). Liability is based on proprietor's superior knowledge of the condition of the premises. McCormick v. Waters, 594 S.W.2d 385, 387 (Tenn. 1980).

"A cause of action for premises liability is analyzed under common law principles of negligence." Concklin v. Holland, 138 S.W.3d 215, 220 (Tenn. Ct. App. 2003). In order to prevail against an owner or operator of a premises for negligence in allowing a dangerous or defective condition to exist on the premises, the plaintiff must establish a prima facie claim of negligence. Id. "A claim of negligence requires proof of each of the following elements: a duty of care owed by the defendant to the plaintiff; conduct falling below the applicable standard of care that amounts to a breach of that duty; an injury or loss; cause in fact; and proximate cause." White v. Lawrence, 975 S.W.2d 525, 529 (Tenn. 1998). Additionally, the plaintiff must prove that (1) the dangerous or defective condition was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident. Blair, 130 S.W.3d at 764.

"[C]onstructive notice can be established by proof that the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have

5

become aware of the condition." Id. Constructive notice may also be established "by showing a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence." Id. 765-66. This approach "simply recognizes the logical conclusion that, when a dangerous condition occurs regularly, the premises owner is on constructive notice of the condition's existence." Id. at 766.

The Court concludes that the Defendant has not met its burden of establishing the absence of genuine issues of material fact. The undisputed evidence reveals that the Plaintiffs observed the pole lying next to Wooden after she fell to the floor and the surroundings reflected that nothing else could have stricken Wooden. The poles are not permanent attachments and are installed and under the control of the Defendant. The Defendant admits in its answer to Plaintiffs' interrogatories that the pole fell when it was either struck or leaned upon, but asserts that the pole was securely attached. Further, the Defendant admitted that Pirtle witnessed the incident and Egli had to re-secure the pole thereafter. The Defendant does not dispute that the pole struck Wooden, just that the Plaintiffs themselves did not see the pole strike Wooden. Clearly, there is an issue of whether the pole was negligently installed or maintained by the Defendant.

"As a general rule, negligence cases are not amenable to disposition on summary judgment unless from all the facts taken

6

together and with all the inferences to be drawn and facts and inferences are so certain and uncontroverted that reasonable minds would agree." Burgess v. Tie Co. 1, LLC, 44 S.W.3d 922, 923 (Tenn. Ct. App. 2000). Wile the plaintiff's theory may be speculative, the question is whether the Defendant has presented sufficient evidence establishing that genuine issues of material fact do not exist. McCarley v. West Quality Food Service, 960 S.W.2d 585, 588 (Tenn. 1998); Townsend v. Auto Zone, Inc., No. M2002-02958-COA-R3-CV, 2004 WL 1944129, at *7 (Tenn. Ct. App. August 31, 2004). Considering the record at this juncture, a trier of fact could reasonably infer that an improperly installed and/or maintained pole struck Wooden causing her injury. Thus, "[w]hether an owner has exercised the required degree of care to its invitees is a question of fact for the jury." Burgess, 44 S.W.3d at 924.

Accordingly, Defendant's motion for summary judgment (Docket Entry No. 17) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 26th day of March, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge

7